J-S67005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ANTOINE GARDINER | : | |
| Appellant | : | No. 1494 EDA 2017 |

Appeal from the PCRA Order April 20, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002773-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ANTOINE GARDINER | : | |
| Appellant | : | No. 1526 EDA 2017 |

Appeal from the PCRA Order April 20, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002774-2014,
CP-51-CR-0002780-2014, CP-51-CR-0002781-2014,
CP-51-CR-0002782-2014, CP-51-CR-0002784-2014,
CP-51-CR-0002785-2014, CP-51-CR-0002786-2014,
CP-51-CR-0002787-2014, CP-51-CR-0002788-2014,
CP-51-CR-0002790-2014, CP-51-CR-0002791-2014,
CP-51-CR-0002802-2014, CP-51-CR-0002841-2014,
CP-51-CR-0002842-2014, CP-51-CR-0002843-2014,
CP-51-CR-0002844-2014, CP-51-CR-0014370-2013

BEFORE:   OTT, J., NICHOLS, J., and STRASSBURGER*, J.

MEMORANDUM BY OTT, J.:                          **FILED APRIL 15, 2019**

_____
*   Retired Senior Judge assigned to the Superior Court.

Antoine Gardiner appeals from the order entered April 20, 2017, in the Court of Common Pleas of Philadelphia County, that dismissed, without a hearing, his first counseled petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Gardiner seeks relief from the judgment of sentence to serve an aggregate term of 11½ to 23 months' imprisonment, to be followed by twelve years of reporting probation, imposed upon his convictions for eighteen counts of theft by receiving stolen property and seventeen counts of criminal conspiracy.[1] On appeal, Gardiner claims that trial counsel was ineffective for: (1) failing to call six fact witnesses who would have refuted the Commonwealth's main witness's testimony that he did not lease commercial property from Gardiner; and (2) failing to call Gardiner's wife to testify to his daily schedule. *See* Gardiner's Brief at 4-5. Based upon the following, we affirm.

The PCRA court described the facts underlying Gardiner's convictions as follows:

> At trial, the Commonwealth's primary witness was Joseph Murray, a heroin addict who schemed with [Gardiner] to steal vans owned by construction contractors and other business owners for their contents, namely tools and other items used by the vans' owners in their respective businesses. The vans were stolen by Murray between May and October, 2013. Murray acted alone except for two occasions when [Gardiner] accompanied him. After stealing the vans, Murray drove them to 5049-5075 Lancaster Avenue [the Property] in West Philadelphia, a 50,000 square foot building owned by [Gardiner], where [Gardiner] and Murray would remove any equipment and tools that were in the vans and store it in the

_____

[1] 18 Pa.C.S.A. §§ 3925 and 903, respectively.

- 2 -

[Property]. Once the vans were unloaded, Murray would abandon the vans in West Philadelphia. Murray testified that [Gardiner] paid him for every van he stole, along with its contents. Following his arrest, Murray signed a [m]emorandum of [a]greement with the Commonwealth and agreed to testify against [Gardiner].

Following the repeated thefts of the vans, police determined that some vans were equipped with GPS enabling the police to track them. Investigation resulted in police focusing on the [P]roperty after some vans were tracked to that location. Police installed pole cameras to record the area[,] which captured vans being driven to and then parked inside [the Property] and items being removed from them. On October 4, 2013, in the early morning hours, the cameras recorded a van driving up to [the Property] and parking outside [it]. Thirty-five minutes later, the van was driven inside [it]. At 6:30 p.m., [Gardiner] entered the parking lot and was observed backing his vehicle up to a door at which time he appeared to be loading items into the vehicle's trunk.

On October 7, 2013, two contractors' vans were stolen and then driven to the above location. One person was observed on video unloading items from the vans into the building. Later that day, police, armed with a search warrant for the premises, went to [the Property]. At about 6:00 p.m., police observed [Gardiner] exit the [P]roperty and lock the door behind him. [Gardiner] entered his vehicle and drove away. Police stopped the vehicle and [Gardiner] asked, "What's this about?" When police told him that the stop concerned [the Property], [Gardiner] stated, "I don't have anything to do with it. I don't have keys to the place." Following this exchange, police drove [Gardiner] back to the [P]roperty and executed the search warrant using keys in [Gardiner's] possession to open a door to the [P]roperty and its gate. A search of the [P]roperty resulted in the seizure of four truckloads of tools and other equipment many of which were identified as having come from the stolen vans.

PCRA Court Opinion, 1/31/2018, at 2-4 (footnote and record citations omitted).

A bench trial took place on February 26-27, 2015, following which the trial judge convicted Gardiner of the above-delineated offenses. On July 10,

2015, the trial court imposed the afore-mentioned sentence. Gardiner did not file a direct appeal. On June 2, 2016, Gardiner timely filed a counseled PCRA petition. On March 6, 2017, the court held oral argument on the PCRA petition. Thereafter, on March 17, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss. Gardiner did not file a response to the Rule 907 notice. On April 20, 2017, the PCRA Court dismissed the petition. This timely appeal followed.[2]

The principles that guide our review are well settled.

> We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error. When supported by the record, the PCRA court's credibility determinations are binding on this Court, but we apply a *de novo* standard of review to the PCRA court's legal conclusions. We must review the PCRA court's findings and the evidence of record in a light most favorable to the Commonwealth as the winner at the trial level.

∗ ∗ ∗ ∗

_____

[2] On April 27, 2017, the PCRA court ordered Gardiner to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Gardiner filed a concise statement on May 15, 2017; the court issued its opinion on January 31, 2018.

Before we address the substance of this appeal, we first note that a single order disposed of all the cases listed in the caption. Gardiner filed a single notice of appeal from the order, despite the fact the order disposed of separate matters. This was a common practice. However, our Supreme Court has recently determined that in instances, such as is currently before us, where a single order disposes of multiple cases, the appellant must file a notice of appeal for each case. If the appellant files a single notice of appeal, the appeal is to be quashed. See **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). The **Walker** decision is to be applied prospectively from the date of the opinion. **Id.** at 13. Because this appeal was filed prior to the **Walker** decision, we may address the substance of the appeal.

With respect to claims of ineffective assistance of counsel, counsel is presumed to be effective, and the petitioner bears the burden of proving to the contrary. To prevail, the petitioner must plead and prove, by a preponderance of the evidence, the following three elements: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction. With regard to the second prong (reasonable basis), we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis. We will hold that counsel's strategy lacked a reasonable basis only if the petitioner proves that a foregone alternative offered a potential for success substantially greater than the course actually pursued. Our review of counsel's performance must be highly deferential. To establish the third element (prejudice), the petitioner must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction.

Because a petitioner's failure to satisfy any of the above-mentioned elements is dispositive of the entire claim, [a] court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first.

* * * *

To prove that trial counsel provided ineffective assistance for failing to call a witness, a petitioner must demonstrate:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

* * * *

With respect to [a petitioner's] claim that he should have been provided a full evidentiary hearing on all of his PCRA claims, the law in this area is clear:

[T]he PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing. **We stress that an evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness.**

***Commonwealth v. Brown***, 196 A.3d 130, 150-151, 167, 192-193 (Pa. 2018) (citations, internal citations, and quotation marks omitted, emphasis added).

In both his issues, Gardiner claims that trial counsel's representation was deficient because he did not call certain witnesses. However, Gardiner waived these claims.

In his PCRA petition, Gardiner contended that counsel was ineffective for failing to call six witnesses who would have testified that Gardiner was the owner of the Property and that he leased out portions of the premises. ***See*** PCRA Petition, 6/02/2016, at 2-5. Gardiner contended that this testimony was necessary at trial to refute the Commonwealth's contention that he had no lawful interest in the Property and did not operate a real estate company that leased the premises. ***Id.*** At oral argument, PCRA counsel reiterated this claim, stating that the "crux" of the PCRA petition was the claim that counsel

was ineffective for not refuting the Commonwealth's assertion that someone other than Gardiner owned the Property. N.T. PCRA Argument, 3/06/2017, at 6-8. Specifically, counsel stated:

> During the course of the trial, especially when Mr. Gardiner testified [the Commonwealth] confronted him on whether or not he was the lawful owner. They also confronted him on cross-examination as to whether or not he had any proof that he was the owner and lessor, such as bank records, ledger records[.]
>
> * * * *
>
> It's whether or not he was not only the lawful owner — they were suggesting he was not the lawful owner. More importantly, there was a management company that ran the business. There was questions whether there was a proper lease between the people that he was identifying or not and whether or not there were property receipts for rentals all suggesting that he's lying about his interest in the business.[3]

*Id.* at 6-7.

In his Rule 1925(b) statement, Gardiner reiterated these claims but included, for the first time, a claim that three of the six witnesses were necessary to refute Murray's trial testimony that he never entered into a

---

[3] Gardiner's argument is a patent misreading of the trial transcript. At no point did the Commonwealth dispute that Gardiner owned the building, leased portions of it to various tenants, and employed a management company. The Commonwealth also did not dispute Gardiner's claim that Murray rented an apartment from him, although it did question the existence of a written lease. Rather, the Commonwealth disputed Gardiner's claim that Murray leased commercial space from him and that Murray paid Gardiner rent for either the apartment or the commercial space. The entire portion of the Commonwealth's cross-examination of Gardiner referenced by counsel at oral argument concerned whether Gardiner had any documentation to support his contention regarding the leases with and rent payments from Murray. *See* N.T. Trial, 2/27/2015, at 37-49.

commercial lease with Gardiner. Statement of [Errors] Complained of on Appeal, 5/15/2017, at 2-3.

With respect to Gardiner's second claim, in both his PCRA petition and his Rule 1925(b) statement, he alleged that trial counsel was ineffective for failing to call his wife, Shirley Gardiner, as an alibi witness who would have testified that, "[Gardiner] was with her during all times relevant to said charges." PCRA Petition, 6/02/2016, at 5; *see also* Statement of [Errors] Complained of on Appeal, 5/15/2017, at 3.

However, on appeal, Gardiner has changed his legal theories, he now claims that trial counsel should have called the six potential witnesses to refute Murray's testimony that he did not have a commercial lease with Gardiner and that there was "not an offset of rent in return for the procurement of stolen items given to [Gardiner]."[4] Gardiner's Brief, at 4. Moreover, he no longer claims that his wife was an alibi witness but rather that she would testify about Gardiner's general daily schedule and his adherence to it, presumably in an attempt to demonstrate that he was at home during the hours the thefts took place. *See id.* at 4-5.

It is long settled that PCRA issues not raised in a PCRA petition or amended PCRA petition are waived on appeal. *Commonwealth v. Lauro*,

---

[4] Despite alleging in his statement of the questions involved that all six witnesses would testify about the existence of a commercial lease between Gardiner and Murray, in the body of his brief, Gardiner admits that only two of the six proposed witnesses had any knowledge of his dealings with Murray. *See* Gardiner's Brief, at 13-14.

819 A.2d 100, 103-104 (Pa. Super. 2003), *appeal denied*, 830 A.2d 975 (Pa. 2003) (waiving five issues not in original or amended PCRA petition). Further, an appellant cannot raise matters for the first time in a Rule 1925(b) statement. **Commonwealth v. Coleman**, 19 A.3d 1111, 1118 (Pa. Super. 2011) (issues raised for first time in Rule 1925(b) statement are waived). Also, as amended in 2007, Rule 1925 provides that issues that are not included in the Rule 1925(b) statement or raised in accordance with Rule 1925(b)(4) are waived. Pa.R.A.P. 1925(b)(4)(vii); **see also Commonwealth v. Lord,** 719 A.2d 306, 308 (Pa. 1998), *superseded by rule on other grounds as stated in* **Commonwealth v. Burton**, 973 A.2d 428, 430 (Pa. Super. 2009). Lastly, an appellant cannot raise a subject for the first time on appeal. **Commonwealth v. Hanford**, 937 A.2d 1094, 1098 n.3 (Pa. Super. 2007), *appeal denied*, 956 A.2d 432 (Pa. 2008) (new legal theories cannot be raised for first time on appeal); Pa.R.A.P. 302(a).

Here, Gardiner did not argue in his PCRA petition or at oral argument that trial counsel was ineffective for failing to call the six proposed witnesses to refute Murray's testimony regarding the existence of a commercial lease. Instead, he raised this claim for the first time in his Rule 1925(b) statement, then further modified it on appeal. In addition, on appeal, he dropped his claim that Shirley Gardiner was an alibi witness, instead, arguing for the first time that she would testify regarding his daily schedule. Thus, he waived his issues on appeal. **See Lord, supra** at 308; **Coleman**, **supra** at 1118; **Hanford**, **supra** at 1098 n.3; **Lauro**, **supra** at 103-104.

Moreover, Gardiner's claims are meritless. First, to the extent that he continues to argue that four of his six proposed fact witnesses are necessary to refute the Commonwealth's contention that he did not own the Property, the record belies his claims. As the PCRA court aptly stated,

> [Gardiner's] petition fails to set forth where in the record the Commonwealth argued or presented evidence that [he] was guilty simply because he owned the building. [Gardiner] also fails to cite where in the record that [the trial court's] verdict was predicated on the defense's failure to prove that he owned the building where the stolen goods were stored.
>
> * * * *
>
> [Gardiner's] PCRA petition fails to establish that trial counsel's ineffectiveness with regard to this issue prejudiced him such that the outcome would have been different had counsel investigated and called the witnesses to prove that [Gardiner] owned the building. [Gardiner] implies that he simply owned the building and divested himself of any occupancy because he entered into a series of lease agreements with various tenants. In so arguing, [Gardiner] completely ignores the mountain of credible evidence presented against him showing his actual knowledge of and participation in the conspiracy to steal. [Gardiner] himself testified that he owned the building, testimony which [the trial court], sitting as fact-finder believed.[5] Thus, the evidence he now claims counsel was ineffective for not introducing was cumulative of evidence already presented during trial. Trial counsel cannot be deemed ineffective for failing to present cumulative testimony. *See Commonwealth v. Milligan*, 693 A.2d 1313, 1319 (Pa. Super. 1997) (failure to call witnesses was not ineffective assistance of counsel where the witness' testimony

_____

[5] We note that Commonwealth witness Detective John Logan testified that Gardiner owned the Property. N.T. Trial, 2/26/2015, at 140. Defense witness Bernard Williams testified both that Gardiner hired him to work at the Property and that he was aware that Murray leased space at the Property. N.T. Trial, 2/27/2015, at 5-8. Defense witness David Denenberg, Esquire, testified that he had a written lease with Gardiner to rent space at the Property. *Id.* at 14-15.

would have been cumulative evidence presented) (citations omitted).

PCRA Court Opinion, 1/31/2018, at 8-9. Thus, we agree with the PCRA court that this claim lacks merit.

Gardiner claims that the remaining two of the proposed fact witnesses would have testified and presented documentary evidence to refute Murray's claim that he did not have a commercial lease with him and did not pay him rent. Gardiner did not attach any affidavits or other supporting documentation from the witnesses to his PCRA petition, which demonstrated their willingness to testify for the defense. Further, he did not provide any specific information regarding the details of their proposed testimony. On appeal, Gardiner never states that trial counsel was aware of the existence of these witnesses. Lastly, he never explains how the testimony of these witnesses would have changed the result in this matter. While the purported testimony of these witnesses might have refuted Murray's claim regarding the commercial lease, the issue of said lease was, at best, peripheral to the issue of Gardiner's involvement in the conspiracy and, as the PCRA court stated above, he ignores all the direct evidence produced by the Commonwealth showing his involvement in the conspiracy. Thus, Gardiner fails to set forth the ineffectiveness analysis required by ***Strickland v. Washington***, 466 U.S. 668, 687 (1984). Because he did not establish any of the three prongs, we must deem counsel's assistance constitutionally effective. ***See Commonwealth v. Rolan***, 964 A.2d 398, 406 (Pa. Super. 2008) (holding where appellant fails to address

three prongs of ineffectiveness test, he does not meet his burden of proving ineffective assistance of counsel, and counsel is deemed constitutionally effective). Thus, even if Gardiner had not waived his first claim, we would find it meritless.

Gardiner's second claim regarding the proposed testimony of his wife suffers from the same fatal flaws. In addressing the claim raised below, that his wife could provide an alibi for the crime, the PCRA court, who sat as the fact-finder at trial, stated:

> . . . his assertion that Ms. Gardiner [was] with him at **all times** relevant to the prosecution is simply ludicrous and belied by the Commonwealth's uncontradicted evidence as well as [Gardiner's] own testimony. First, the crimes which [Gardiner] was charged occurred over a five month period. Certainly any claims that [Gardiner] was with his wife during the entire period of time at all times relevant to the crimes is simply not credible. . . .

PCRA Court Opinion, 1/31/2018, at 10 (emphasis in original).

Here, as discussed above, Gardiner now claims that his wife would testify about his daily schedule, stating that during the entire five-month period he left for work at approximately 6:30 a.m., arrived home at approximately 7:00 p.m., and never deviated from this schedule. Gardiner fails to explain how this testimony is any less ludicrous than a claim that she was with him at all times during a five-month period and why the trial court would have credited it, given the above discussion and given the videotape evidence by the Commonwealth showing Gardiner participating in the crime. *See* N.T. Trial, 2/26/2015, at 113-117; 2/27/2015, at 35-36. Again, we find

that, because Gardiner has failed to set forth the analysis required by **Strickland**, even if not waived, his second claim is meritless. **See Strickland**, **supra** at 687; **Rolan**, **supra** at 406.

As Gardiner's claims are both waived and meritless, we affirm the denial of his PCRA petition without an evidentiary hearing.

Order affirmed.

Judge Nichols joins this memorandum.

Judge Strassburger files a concurring memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/15/19